UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN LAWRENCE, on behalf of himself
and all others similarly situated,

        Plaintiffs,

v.

                      Case No. 8:20-cv-01517-MSS-JSS

FPA VILLA DEL LAGO, LLC AND JOHN
DOE DEFENDANTS 1-10

        Defendant.

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND INCORPORATED MEMORANDUM OF LAW**

**COMES NOW,** Plaintiff, Justin Lawrence, by and through his undersigned counsel and pursuant to Federal Rule of Civil Procedure 37, hereby respectfully requests this Honorable Court grant his Motion to Compel Defendant's Discovery Responses, and asserts the following in support thereof:

**BACKGROUND**

This case is brought against Defendants, FPA Villa Del Lago, LLC ("FPA") and John Doe Defendants 1-10[1], who are collecting students' rent for services they did not and could not provide due to the COVID-19 pandemic. As is noted in the amended complaint, the surrounding college campuses and dormitories closed down for obvious safety reasons, yet Defendants, blinded by only their own pecuniary interests, have refused to acknowledge that their own dormitory-like

---

[1] Other potential defendants may include but not be limited to FPA's property management company and/or parent companies.

1

**EXHIBIT "B"**

properties presented the same risks. Students residing in Defendants' facilities, including Mr. Lawrence, were forced to evacuate in droves due to the COVID-19 pandemic and now seek relief for rental costs that were improperly imposed upon them for periods of time when these student housing facilities were effectively closed and their associated amenities were not safely usable.

Plaintiff filed his amended complaint against FPA and all its Florida student properties. (Doc. 14, ¶¶ 1, 4, 7, 47) Plaintiff served discovery requests on September 25, 2020 after which Defendant requested a 20 day extension for its responses because they were "gathering records." Plaintiff agreed to the extension only to find Defendant's responses on November 16, 2020 included no document production and mostly baseless boilerplate objections particularly to requests for information regarding the putative class. Not until after the parties conferred did Defendant produce minimal documentation, which was nearly entirely redacted, and failed to produce any class information. Defendant refuses to simply unredact this information or provide the basic information needed in this case and in support of Plaintiff's pursuit of class certification.

## DISCOVERY REQUESTS AND RESPONSES RELATED TO
## CLASS DISCOVERY

**Interrogatory No. 2:** Identify and provide the address of each of Defendant's "student housing communities" in Florida. As to each please explain Defendant's relationship, including any ownership, operation or management services.

> **ANSWER:** FPA objects to this request as it is overbroad in scope and is not proportional to the needs of the issues as framed by the pleadings. Specifically, this request is not narrowly tailored to determine whether FPA committed any wrongdoing as it relates to the issues and identified property as framed by the Amended Complaint, but rather, seeks information related to other aspects of FPA's business, which are irrelevant to Plaintiff's claims as raised in the Amended Complaint.

Basis to Compel Interrogatory No. 2: In this case, FPA has improperly taken

2

the position that it is the arbiter of the potential scope of the putative class, contending that it simply need not provide any information about its student residence properties other than the single individual property that the named Plaintiff resided at, known as "The Social 2700 Student Spaces." The amended complaint, however, does not pertain to just The Social 2700 Student Spaces, but to all of FPA's student apartment communities. (Doc. 14, ¶¶1, 4, 7, 47) This is clearly laid out in several sections of the Amended Complaint including paragraph 4 which states: "Plaintiff brings this action on his own behalf and on behalf of a class of persons who executed Lease Agreements with Defendants, both at The Social 2700 Student Spaces **and all other Florida properties**." (*emphasis added*). (Doc. 14 p. 2). As such, this information is relevant and discoverable and related to the class allegations.

## DISCOVERY REQUESTS AND RESPONSES RELATED TO CLASS MEMBER DISCOVERY

**Interrogatory No. 3:** Identify each person who paid the costs of room, board, and fees for and on behalf of students residing in Defendant's Florida "campus living" complexes for the Spring 2020 semester who moved out prior to the completion of the semester because of school closures relating to COVID-19.

   a. Also, please state the amount of room, board and fees paid and the date of move out.
   b. If you contend that a full response to this interrogatory is impossible, please explain why, with specificity, and provide the most complete response possible.

**ANSWER: FPA objects to the extent the above constitutes multiple Interrogatories. FPA further objects to these Interrogatories as the phrase "'campus living' complexes" is not defined. To the extent that "'campus living' complexes" applies to any properties beyond the property identified in the Amended Complaint, FPA objects on the basis of overbroad. Further, and most significant, FPA objects to these Interrogatories as they seek private and confidential personal and financial information about individuals who are not parties to this lawsuit and who are the clients of FPA. Providing financial and living**

3

>  information about non-party individuals is improper. FPA also objects to these Interrogatories to the extent that they would violate the privacy rights of former and current FPA customers who have an interest in keeping their identities, living, and financial history confidential. Finally, FPA objects on the grounds that seeking FPA's customer list and similar information improperly seeks FPA business proprietary information.

> **Interrogatory No. 4:** Identify all persons responsive to Interrogatory #3 who were billed after their move out date.

>  **ANSWER:** FPA objects on the same basis as Interrogatory No. 3, above, and fully incorporates those objections herein.

<u>Basis to Compel Class Discovery for Interrogatories 3 and 4</u>: The Supreme Court long ago recognized that plaintiffs are entitled to discovery relevant to class certification. *see Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, at 351, n.13 (1978) ("discovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions and adequacy of representation"). Plaintiff is allowed to serve discovery to ascertain the number and identity of those who were subject to Defendant's unlawful practice of continuing to charge for rent and services it could no longer safely provide. *See, e.g., C-Mart, Inc. v. Metro Life Ins. Co.,* 299 F.R.D. 679, 687 (S.D. Fla. 2014) (in a class action, the proposed class must be sufficiently "ascertainable."). Indeed, class data is routinely allowed to provide plaintiffs an opportunity to meet their class certification burden. *Gilman v. ER Solutions,* 2012 U.S. Dist. LEXIS 190602 at *7 (W.D. Wash. Feb. 3, 2012);. *Sewell v. D'Alessandro & Woodyard,* 2011 U.S. Dist. LESIX 38664, *8-9 (M.D. Fla. Mar. 30, 2011) (granting motion to compel and holding that "the purpose of class discovery is to determine who constitutes the members of the class"). Thus, it is well-established that "[d]iscovery into

4

issues relevant to class certification is warranted and permissible." *Griffith v. Landry's, Inc.*, 2015 U.S. Dist. LEXIS 138291, * 5-6 (M.D. Fla. 2015)

Any objections as to privacy or proprietary information of the Defendants' student residents can easily be cured by way of a Confidentiality Agreement[2] or by withholding the full name and address of the student residents and designating the names in some other form, such as providing just initials. *Sliwa v. Bright House Networks, LLC*, No. 2:16-cv-00235-JES-MRM, ECF No. 124 at 13 (M.D. Fla. Feb. 14, 2018) (granting motion to compel and overruling defendant's "objections as to the customers' privacy interests," holding "there are adequate mechanisms available to protect" those interests and suggesting a stipulated protective order); *Thrasher v. CMRE Fin. Servs.*, 2015 U.S. Dist. LEXIS 34965, at*6 (S.D. Cal. Mar. 13, 2015) ("Regarding private information, such information is subject to only qualified protection. [cite] The disclosure of phone numbers and names does not constitute a serious invasion of privacy and is commonplace in class actions."). Accordingly, FPA should be compelled to produce the requested class information including the identity and address of all of its student resident properties, identification or designation of students who moved out prior to completion of the Spring semester for all of its student resident properties and all communications and emails with those persons.

### REQUESTS FOR DATABASE TABLES OF CLASS MEMBERS

**Request for Production No. 1:** The complete database tables showing all people who paid the costs of room, board, and fees for and on behalf of students residing in Defendant's Florida "campus living" complexes for the Spring 2020 semester who moved out prior to the completion of the semester because of school closures relating to COVID-19.

**RESPONSE**: **FPA objects to this request as overbroad in scope. Specifically, the**

---

[2] Plaintiff provided FPA with a proposed confidentiality agreement on November 19, 2020 but FPA has failed or refused to respond.

5

**request seeks information beyond the single property specifically identified in the Amended Complaint. FPA further objects on the basis of vagueness, as it is unclear precisely what a "database table" is. FPA assumes that it means a spreadsheet which includes only the identification of each person "who paid the costs of room, board, and fees for and on behalf of students residing in Defendant's Florida 'campus living' complexes for the Spring 2020 semester who moved out prior to the completion of the semester because of school closures relating to COVID-19." In that regard, FPA objects that a response would violate the privacy rights of former and current FPA customers who have an interest in keeping their identities, living, health, and financial history confidential. FPA also objects that the term "school closures" is not defined.**

<u>Basis to Compel Request for Production 1</u>: Subsequent to the meet and confer, FPA produced a spreadsheet document titled "Rent Roll" for April 2020 but redacted all information for residents other than the named plaintiff Justin Lawrence. The document further pertains only to The Social 2700 Student Spaces but no other FPA student properties. As noted above, the amended complaint, does not pertain to just The Social 2700 Student Spaces, but to all of FPA's student apartment communities. (Doc. 14, ¶¶ 1, 4, 7, 47) This production demonstrates that this information not only exists and is compiled by FPA, but can also be easily produced for <u>all residents</u> (identified by initials only if necessary) who moved out prior to completion of the Spring 2020 semester and for <u>all its Florida student resident properties</u>. (Attached as Exhibit A)

FPA also produced a spreadsheet document titled Resident Charges relative to The Social 2700 Student Spaces which was also completely redacted other than charges to the named plaintiff Justin Lawrence including a column showing the "lease status". This spreadsheet is responsive to the discovery requests and should be produced showing <u>all student residents</u> (identified by initials only if necessary) who moved out prior to completion of the Spring 2020 semester and for <u>all its Florida student resident properties</u>. (Attached as Exhibit B).

6

FPA further produced a privilege log asserting privacy; attorney-client privilege; proprietary business information privileges in relation to these two spreadsheets. (Attached as Exhibit C) However, FPA did not meet the informational requirements for withholding information within these documents and FPA's privilege objections are conclusory and should be overruled. The burden of establishing privilege rests on the party claiming it. *See Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 690 (M.D. Fla. 2005) ("The party asserting the privilege has the burden of proving the existence of the privilege."). Upon review of these redacted documents, nothing within the documents appears to include the contents of any confidential attorney-client communications. Each column is labeled as containing basic factual information such as: Bldg-Unit, Unit type, Balance, Lease Start, Lease End, Expected Move-Out, etc. (Exhibit 1 p. 1) and Resident, Lease Status, Amount Notes, etc. (Exhibit B p. 2). As seen in the unredacted portions of these documents relative to Justin Lawrence, the entries contain simple facts such as dates and dollar amounts. As such, these documents should be unreacted (with designation of resident names if needed) and otherwise produced in full.

As noted above, plaintiffs are entitled to discovery relevant to class certification. *Oppenheimer Fund, Inc., Id.* at 351. Indeed, class data is routinely allowed to provide plaintiffs an opportunity to meet their class certification burden. *Gilman; Id* at 7. Given the requirements of class certification, absent this crucial class data, FPA will likely argue Plaintiff cannot ascertain the class without the very discovery FPA is refusing to produce. Unless this Motion to Compel is granted, Plaintiff will likely not have the evidence necessary to comprehensively preempt those arguments and, more importantly, will be prejudiced in his ability to satisfy Rule 23. *Accord Herrera v. JFK Med. Ctr., L.P.*, 648 Fed. Appx. 930, 936 (11th Cir. 2016) (reversing order striking class allegations because "discovery is needed to

7

determine whether common issues predominate over any individualized questions") (citing *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309-11 (11th Cir. 2008) (holding that district court abused its discretion because plaintiffs "at least should have been granted an opportunity to conduct limited discovery relevant to the certification issue")).

### REQUESTS FOR CLASS MEMBER COMMUNICATIONS

**Request for Production No. 2:** Any and all documents which memorialize all communications with "Class Members" regarding COVID-19.

> **RESPONSE: FPA objects to this request as overbroad because seeking information regarding unidentified, potential class members prior to the certification of the class is premature. Any and all documents which memorialize all communications with "Class Members" regarding COVID-19. *See Gartrell v. J.J. Marshall & Assocs., Inc.*, 2019 WL 9089583, at \*1 (M.D. Fla. Dec. 10, 2019). FPA also objects that a response would violate the privacy rights of former and current FPA customers who have an interest in keeping their identities, living, health, and financial history confidential. FPA further objects on the basis of vagueness, as "documents which memorialize all communications" is unclear. FPA takes this to mean documents that reflect a memorialization of a communication, but nevertheless, does not respond on the bases of the aforementioned objections.**

**Request for Production No. 3:** Any and all electronic mail messages ("emails") sent to "Class Members" regarding COVID-19.

> **RESPONSE**: **FPA objects to this request as overbroad because seeking information regarding unidentified, potential class members prior to the certification of the class is premature. *See Gartrell v. J.J. Marshall & Assocs., Inc.*, 2019 WL 9089583, at \*1 (M.D. Fla. Dec. 10, 2019). FPA also objects that a response would violate the privacy rights of former and current FPA customers who have an interest in keeping their identities, living, health, and financial history confidential.**

<u>Basis to Compel Responses to Request for Production 2 and 3</u>**:** Plaintiff's discovery requests seek mass emails or written communications that would have been sent out to a number of class members regarding the pandemic. These mass communications to class members of all of FPA's Florida student properties are relevant and discoverable as they likely reference and summarize inquiries and responses to class members' requests for early lease termination and may

8

include other admissions. Defendant's mass emails and communications should be produced. Individual communications may also be relevant even to Mr. Lawrence's individual case if admissions are made therein by a Defendant regarding its intentions and handling of COVID-19 matters. It is for this reason that the Defendants should be required to produce a privilege log that adequately describes individual communications with tenants regarding COVID-19 related leasing concerns, thus allowing Plaintiff's counsel to make further inquiries about relevant items. No such privilege log of any meaningful detail has been produced.

FPA cites *Gartrell v. J.J. Marshall & Assocs., Inc.*, 2019 WL 9089583, at *1 (M.D. Fla. Dec. 10, 2019) for the proposition that "seeking information regarding unidentified, potential class members prior to the certification of the class is premature." FPA mischaracterizes the case as holding that *any information* that might generally help define class membership is premature at the precertification stage. This is far from accurate. In reality, the case merely states that the *full name and addresses* of the potential class members is ordinarily not discoverable at the precertification stage. *Id. Gartrell* certainly makes no restriction preventing disclosure of *any information whatsoever* that might help establish a prospective class. In fact, at the time of the decision in *Gartrell*, the defendant in that case had already provided Plaintiffs with specific information regarding the collection letters mailed to Floridians for a specified time period (the subject of the class allegations in that case) and, more importantly, the *number* of persons to whom these letters were sent. The *Gartrell* court felt this information was adequate and the actual *identities* and addresses of class members need not be produced in addition to the information already furnished at that stage of the case.

In this case, much of the evidence sought through this motion to compel is largely of the variety that had already been disclosed in *Gartrell*. For example, it is simply unfathomable that

9

*Gartrell* would permit FPA to withhold information as basic as the identity of other student communities it owns in Florida.

### DISCOVERY REQUESTS SEEKING LEASE AGREEMENTS

**Request for Production No. 15:** Any and all documents, lease agreements, contracts, agreements or other written documents establishing the creation of any contractual relationship between the "Class Members" and Defendant relating to the housing at issue in this lawsuit.

**RESPONSE**: FPA objects to this request as overbroad because seeking information regarding unidentified, potential class members prior to the certification of the class is premature. *See Gartrell v. J.J. Marshall & Assocs., Inc.*, 2019 WL 9089583, at *1 (M.D. Fla. Dec. 10, 2019). FPA further objects to this request as it seeks legal impressions of and conclusions by counsel, *i.e.*, work-product. FPA also objects that a response would violate the privacy rights of former and current FPA customers who have an interest in keeping their identities, living, health, and financial history confidential.

Basis to Compel Request for Production No. 15: FPA's reliance on the *Gartrell* case as a basis to object to this production is again misplaced as stated in the above analysis. Likewise, to be clear, Mr. Lawrence does not seek a copy of each individual leasing agreement signed by a potential class member, but rather exemplar copies of the standardized leases that as a matter of custom would be used by each of FPA's Florida student properties. These leases are relevant because this case includes contractual claims and also, alternatively, seeks rescission of these leases.

### DISCOVERY REQUESTS RELATED TO PERSONS OR WITNESSES

**Interrogatory No. 5.:** Identify each person (including present or former third-parties, officers and/or employees) who were responsible for making the decision to refuse to release persons from their lease obligations as a result of COVID-19 school closures.

**ANSWER:** FPA objects to this request as overbroad because it presupposes FPA "refuse[d] to release persons from their lease

10

>obligations as a result of COVID-19 school closures." FPA further objects to this request as the phrase "COVID-19 school closures" is not defined.

**Interrogatory No. 6:** Identify each person (including present or former third-parties, officers and/or employees) who were responsible for handling refund requests as a result of COVID-19 school closures.

>**ANSWER:** **FPA objects to this request as overbroad** in **scope and not proportional to the needs of the issues as framed by the pleadings, as this request seeks identification of the individuals responsible for "refund requests" but fails to adequately define this term in order to properly apprise FPA of the specific information requested. FPA further objects to this request as the phrase "COVID-19 school closures" is not defined.**

<u>Basis to Compel Responses to Interrogatories 5 and 6</u>:  Despite FPA's boilerplate "overbroad" objection, FPA still has the duty to respond to the interrogatory to the extent the interrogatory is not overbroad.  Indeed, it is difficult to fathom that the Defendants would have so many administrative and managerial employees as to even potentially make this request "overbroad."  The "term not defined" objection is further deficient as the interrogatory instructions advise the responding party to use the ordinary and plain meaning of a term if not specifically defined. "COVID-19 school closures" is subject to its plain meaning and FPA cannot assert in good faith not to understand its meaning.  The Court should not consider frivolous, general or boilerplate objections. See *Creative Touch Interiors, Inc. v. Nicholson*, No. 6:14-cv-2043-Orl-40TBS, 2015 WL 5952986, AT *2 (M.D. Fla. Oct. 13, 2015).  The information requested is relevant and discoverable as FPA or another entities' decision not to consider early lease termination in light of the pandemic and school closures is at the heart of the lawsuit and in determining witnesses and whether to add additional parties to the case.

### DISCOVERY REQUESTS AND RESPONSES RELATED TO PROMOTIONAL MATERIAL OF FPA VILLA DEL LAGO, LLC

11

**Request for Production No. 4**: Any and all promotional material used or circulated to the class members to advertise rental opportunities for the Fall 2019-Spring 2020 school year.

**RESPONSE: FPA objects to this request as overbroad in scope. Specifically, the request seeks information beyond the property specifically identified in the Amended Complaint. FPA further objects to this request as overbroad because it requires the identification of unidentified, potential class members prior to the certification of the class, which is premature at this stage.** *See Gartrell v. J.J. Marshall & Assocs., Inc.*, **2019 WL 9089583, at \*1 (M.D. Fla. Dec. 10, 2019).**

<u>Basis to Compel Request for Production No. 4</u>**:** Although FPA produced a single brochure for The Social 2700 Student Spaces, it failed to produce any promotional material for its other Florida student communities. These documents support Plaintiff's position that it was unfair and inconsistent with the duty of good faith and fair dealing for FPA to market itself as closely tied to the university campus and activities but then later contend that the cessation of classes on campus was irrelevant (Doc. 14, ¶ 77). Discovery regarding FPA's other Florida student properties' promotional material is proper and relevant and the request is narrowed to the Fall 2019 – Spring 2020 school year. Again FPA's reference to *Gartrell* is misplaced as the request seeks the generic promotional material advertising its student community properties and such objection should be overruled. The Amended Complaint and the class definition relate to all its Florida student properties and not just The Social 2700 Student Spaces. (Doc. 14, ¶¶ 1, 4, 7, 47). As argued above, FPA should be compelled to produce the promotional material for all its Florida student properties.

### DOCUMENT REQUESTS RELATED TO TRAINING, POLICIES AND PROCEDURES ON COVID MATTERS

**Request for Production No. 7:** Internal memoranda, bulletins, committee or team reports, emails, meeting minutes, or other documents created or modified within the "relevant time period" concerning or relating to COVID-19 and school closures.

12

**RESPONSE**: **FPA objects on the grounds of overbroad. Specifically, the request seeks records that extend beyond the property and the school (Tallahassee Community College, "TCC") identified in the Amended Complaint. FPA further objects that this request seeks trade-secret, proprietary, and confidential information relating to irrelevant and internal business and operational information beyond the property and single school identified in the Amended Complaint. FPA also objects that the term "school closures" is not defined.**

**Request for Production No. 8:** Internal memoranda, bulletins, committee or team reports, emails, meeting minutes, or other documents created or modified within the "relevant time period" concerning or relating to COVID-19 and the use of "community common areas."

**RESPONSE**: **FPA objects on the grounds of overbroad. Specifically, the request seeks records that extend beyond the property identified in the Amended Complaint. FPA further objects that this request seeks trade-secret, proprietary, and confidential information relating to irrelevant and internal business and operational information beyond the property identified in the Amended Complaint. FPA will produce responsive documents that are in its possession, custody, or control that relate to The Social 2700 property and the use of community common areas, as identified in the Amended Complaint.**

**Request for Production No. 13:** Copies of all internal memoranda, bulletins, letters, committee or team reports, emails, meeting minutes, or other documents created or modified during the "relevant time period" which instructs or notify your employees, representatives or agents how to respond to or handle any complaints, claims, verbal requests for a termination of a lease as a result of COVID-19.

**RESPONSE**: **FPA objects on the grounds of overbroad. Specifically, the request seeks records that extend beyond the property identified in the Amended Complaint. FPA further objects that this request seeks trade-secret, proprietary, and confidential information relating to irrelevant and internal business and operational information beyond the property identified in the Amended Complaint.**

Basis to Compel Response to Request for Production 7, 8, and 13: These document requests seek records and documents related to COVID matters and how its employees were instructed on handling these matters which is what this case is all about. Again, FPA asserts boilerplate objections like "overbroad" and attempts to fain an obligation for document production

13

related to only one sole property, The Social 2700 Student Spaces, but ignores the fact that the Amended Complaint includes allegations and a class definition pertaining to all of FPA's student living communities. FPA repeatedly ignores its discovery obligations of producing what documents it knows to be responsive and instead improperly uses its boilerplate objections as a complete bar to discovery production. Under Fed. R. Civ. P 34(b)(2)(C) "an objection to part of a request must specify the part and permit inspection of the rest." In other words, FPA must produce the part of the request that clearly does relate to the pending claims, i.e., the COVID-19 policies and procedures for The Social 2700. FPA further repeatedly fails to assert whether it is withholding any documents based on its objections as required by the rules. FPA's objections are thus inapplicable and meaningless and should be overruled. The Court should not consider frivolous, general or boilerplate objections. See *Creative Touch Interiors, Inc. v. Nicholson*, No. 6:14-cv-2043-Orl-40TBS, 2015 WL 5952986, AT *2 (M.D. Fla. Oct. 13, 2015).

Importantly, FPA asserts its exhausted and overstretched confidentiality objections with no effort to cure those concerns through a confidentiality agreement despite such an agreement being drafted and offered by Plaintiff. At a minimum, FPA's privilege log references a document titled "COVID-19 Financial & Policy Deferment Program" authored by Patrick Seville, Vice President, at Trinity Property Consultants[3] with "trade secret, proprietary business information" privilege asserted. There is no basis or reason to believe that this information is a trade secret, and FPA has cited no cases to support the contention that this document is particularly sensitively confidential. *See Cornell Pump Co. v. Thompson Pump & Mfg. Co., Inc.*, No. 617CV847ORL41TBS, 2017 WL 10059025, at *4 (M.D. Fla. Dec. 22, 2017)(noting that "there is no absolute privilege that immunizes trade secrets and similar confidential

---

[3] https://www.linkedin.com/in/patrickseville *last accessed 11/29/20*.

14

information from discovery" and that "[i]n order to resist discovery of such confidential information, a party must first establish that the information sought is indeed confidential and then demonstrate that its disclosure might be harmful"). Here, Plaintiff is seeking these documents to determine FPA's policies and procedures in place to address the COVID matters directly at issue in this case, i.e., closure of common areas, refusal to allow early lease termination, etc. There is no reason to believe that FPA will suffer any particular "trade secret" or "confidentiality" injury from the disclosure of these limited matters.

## MEMORANDUM OF LAW

### I. Legal Standard for Motion to Compel

The below standards are axiomatic and well known to this Court. The Federal Rules state that, on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. If a party does not receive disclosures or adequate discovery responses pursuant to Rule 26, then that party may request an order compelling disclosure. Fed. R. Civ. P. 37(a).

### II. Legal Authority for Motion to Compel

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The information sought by Plaintiff is relevant and necessary as "[t]he discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues. Properly used, they prevent prejudicial surprises and conserve previous judicial energies. The United States Supreme Court has said they are to be broadly and liberally construed." *Callaway v. Papa John's USA, Inc.*, No.

09-61989-CIV-ZLOCH, 2010 WL 4024883 (S.D. Fla. Oct. 12, 2010) (citing *Hickman*, 329 U.S. at 507).

Furthermore, it should be noted that FPA's approach to the discovery in this case closely mirrors that taken by the party unsuccessfully resisting discovery in *Cornell Pump Co. v. Thompson Pump & Mfg. Co.*, Inc., No. 617CV847ORL41TBS, 2017 WL 10059025, at *4 (M.D. Fla. Dec. 22, 2017). As a threshold matter, it has presented numerous generic objections, such as to overbreadth, that the *Cornell Pump* court referred to as and rejected as "boilerplate objections." *Id.* at *7. Moreover, like the party resisting discovery in *Cornell Pump*, FPA interposes objections as to confidentiality when a confidentiality agreement has been offered, failing to explain why the proposed agreement would be inadequate. *Id.* at 3. Finally, it inexplicably claims "trade secret" protection for mundane facts that are directly relevant to the matters being litigated. *Id.* at *4 (noting that "[s]imply calling a document a 'protected trade secret' does not make it so" and that "[a]s the party resisting discovery, Thompson bears the burden to show that the information sought is confidential and that the disclosure would be harmful.").

By its very design, discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requesting judicial intervention. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush Ranch, Inc. v. E.I. DuPont De Nemours & Co.*, 918 F. Supp. 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F. 3d 363 (11th Cir. 1996). The Defendant's unwillingness to participate in good faith discovery, however, requires the Plaintiff to file this instant Motion to Compel. Fed. R. Civ. P. 37(a)(1), 37(a)(4). Fed. R. Civ. P. 37(a)(5)(A) states that if the Motion to Compel Discovery is "granted—the court shall . . . require the party . . . whose conduct necessitated the motion . . . to

pay the moving party reasonable expenses incurred in making the motion, including attorney's fees." Thus, Plaintiff should be awarded fees and expenses associated with the instant motion.

## CONCLUSION

The class discovery Plaintiff seeks is relevant to class certification and the merits, and is imperative in order for Plaintiff to carry his class certification burden under Rule 23. FPA has not articulated *any* valid objection justifying its refusal to produce the class data. Accordingly, Plaintiff respectfully requests that this Court enter an Order: (A) compelling FPA to comply with the above stated Requests for Production and Interrogoatories within thirty (30) days; and (B) awarding Plaintiff his reasonable attorneys' fees and expenses incurred in making this Motion, pursuant to Fed. R. Civ. P 37(a)(5).

## RULE 3.01(g) CERTIFICATE

In accordance with Local Rule 3.01(g) the undersigned certifies that she personally spoke with Defendant's counsel who objects and refuses to produce the information requested.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to order Defendant to immediately produce the documents in response to Requests for Production 1, 2, 3, 4, 7, 8, 13 and 15 and properly answer Interrogatories 2, 3, 4, 5 and 6 in addition to any other remedies this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 9, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                               s/ *Heather H. Jones*
                                               Heather H. Jones, Esquire
                                               Florida Bar No: 0118974
                                               William "Billy" Peerce Howard

Florida Bar No. 0103330
The Consumer Protection Firm
401 East Jackson Street, Suite 2340
Tampa, Florida 33602
Telephone: (813) 500-1500
Heather@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com
*Counsel for Plaintiff*

18