UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH LONGO, JUSTIN LONGO, LOIS SPATZ, EAVEN SPATZ, RAINA POMEROY, and MAXWELL NASSAR, *individually and on behalf of all others similarly situated*,

      Plaintiff(s),

v.

CAMPUS ADVANTAGE, INC.,

      Defendant.
_____/

CASE NO.: 8:20-CV-02651

## CAMPUS ADVANTAGE'S STATEMENT OF UNDISPUTED FACTS

Defendant CAMPUS ADVANTAGE, INC. ("Campus Advantage"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 56 and the Court's Order [D.E. 95], file this Statement of Undisputed Material Facts in conjunction with its Corrected Motion for Summary Judgment [D.E. 97], and state as follows:

    1.    Campus Advantage manages The Verge and Northgate Lakes, private student housing communities in Orlando, Florida. Defendant's Exhibit ("DEX") 1, Amended Complaint, ¶16.[1]

---

[1] Formerly Statement of Material Fact [D.E. 87] ¶1.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

2.    Justin Longo executed a Lease Agreement for one bedroom in a 4-bedroom, 2-bathroom suite for a one-year lease term at Northgate Lakes Apartments. Justin's father, Joseph Longo, was listed as the guarantor. DEX 1, Amd. Compl. ¶¶5, 20-21; DEX 2, Longo Lease; DEX 9, Joseph Longo Deposition Transcript, p. 48:13-49:23; DEX 10, Shaunda Longo Deposition Transcript, p. 22:3-18.[2]

3.    Justin Longo and Joseph Longo ("Longo Plaintiffs") did not make payments for the months of April, May, June and July 2020. DEX 1, Amd. Compl. ¶23; DEX 5, Justin Longo Activity Log, DEF000669-70.[3]

4.    Eaven Spatz and Max Nassar were roommates at The Verge for the 2019-2020 academic year. DEX 11, Eaven Spatz Deposition Transcript, p. 39:13-14; DEX 13, Max Nassar Deposition Transcript, p. 19:20-25.[4]

5.    Eaven Spatz executed a Lease Agreement for one bedroom in a 3-bedroom, 3-bathroom suite for a one-year lease term at The Verge Apartments. His mother, Lois Spatz, signed as the guarantor. DEX 1, Amd. Compl., ¶¶6, 28-29; DEX 3, Spatz Lease; DEX 12, Lois Spatz Deposition Transcript, p. 75:10-76:22, 77:20-78:2.[5]

---

[2] Formerly Statement of Material Fact [D.E. 87] ¶2.
[3] Formerly Statement of Material Fact [D.E. 87] ¶3. Plaintiffs agreed to the change in verbiage from "failed to" to "did not."
[4] Formerly Statement of Material Fact [D.E. 87] ¶6.
[5] Formerly Statement of Material Fact [D.E. 87] ¶7.

6. Eaven Spatz and Lois Spatz ("Spatz Plaintiffs") did not make payments for the months of April, May, June and July 2020. DEX 6, Eaven Spatz Activity Log, DEF002216-17.[6]

7. Max Nassar executed a Lease Agreement for one bedroom in a 3-bedroom, 3-bathroom suite for a one-year lease term at The Verge Apartments. His mother, Raina Pomeroy, signed as the guarantor. DEX 1, Amd. Compl., ¶¶7, 44-45; DEX 4, Nassar Lease; DEX 14, Raina Pomeroy Deposition Transcript, p. 11:19-12:2, 23:3-23.[7]

8. Max Nassar made all payments due to The Verge under the Lease. DEX 7, Max Nassar Activity Log, DEF002218-19; DEX 13, Nassar Depo., p. 73:25-74:4; DEX 14, Pomeroy Depo., p. 9:4-17.[8]

9. Paragraph 1 of the Lease states:

**Premises.** Landlord does hereby lease unto Resident and Resident hereby leases from Landlord a room or suite accommodation in the apartment complex known as Northgate Lakes, … (the "Property") consisting on your sole use of an individual bedroom in a 4x2 unit or suite and your nonexclusive right to use the shared living areas in the unit or suite (the "Premises"), all subject to and in accordance with the provisions of this Lease. The Premises are not a specific room or suite within the Property, but rather the room or suite Landlord assigns Resident in order to accommodate, to the extent possible, the interest and personal preferences of Resident and other Residents and the interests of Landlord and the Property… As used in this Lease, the term "Unit" shall mean the unit or suite in which Resident's bedroom under this Lease is located

---

[6] Formerly Statement of Material Fact [D.E. 87] ¶8. Plaintiffs agreed to the change in verbiage from "failed to" to "did not."
[7] Formerly Statement of Material Fact [D.E. 87] ¶9.
[8] Formerly Statement of Material Fact [D.E. 87] ¶10.

DEX 2, Longo Lease ¶1; *see also* DEX 3, Spatz Lease ¶1; DEX 4, Nassar Lease ¶1.[9]

    10.    Paragraph 2 of the Lease states:

**Term.** The term of this Lease ("Term") shall begin 08/17/2019, at 10 a.m. and terminate 07/31/2020, at Noon, unless sooner terminated as hereinafter provided. This Lease continues regardless of whether Resident is transferred, ceases to be enrolled, or for any other reason Resident is unable to continue occupancy of the Premises, and Resident's (and Guarantor's) obligation to pay rent and perform all other obligations in this Lease continue until the Term ends and Landlord has been paid all sums due to it or until tenancy is otherwise terminated pursuant to the terms of this Lease or the laws of the state in which the Property is located.

DEX 2, Longo Lease ¶2; *see also* DEX 3, Spatz Lease ¶2; DEX 4, Nassar Lease ¶2.[10]

    11.    Paragraph 3 of the Lease states:

**Rental.** The total basic rent amount of $8820 for the Term of this Lease (exclusive of any other charges and fees payable by Resident under this Lease) will be due and payable in 12 months equal installments of $735 commencing on 08/17/2019 (the "Rent Commencement Date") and ending on 07/31/2020.

Resident acknowledges that the full amount of the rent stated above is due even though the Term stated above does not encompass a full 365 days. The total rent is a fixed amount for the entire Term and is payable in installments for convenience only; there is no proration or adjustment for any partial month during the Term.

DEX 2, Longo Lease ¶3; *see also* DEX 3, Spatz Lease ¶3; DEX 4, Nassar Lease ¶3.[11]

    12.    The Summary Monthly Installment section states:

**Summary Monthly Installment.** The following is a summary of the monthly basic rent and other monthly charges (the "Monthly Installment") under this Lease. All fees and charges due and payable under this Lease in addition to basic rent shall be considered additional rent. There is no proration or adjustment of the Monthly Installment for any partial month during the Term.

---

[9] Formerly Statement of Material Fact [D.E. 87] ¶12.
[10] Formerly Statement of Material Fact [D.E. 87] ¶13.
[11] Formerly Statement of Material Fact [D.E. 87] ¶14.

DEX 2, Longo Lease, p. 3; DEX 3, Spatz Lease, p. 3; DEX 4, Nassar Lease, p. 3.[12]

13. Paragraph 3 of the Supplementary Lease Agreement states "Resident may use and occupy the Premises for residential housing purposes only." DEX 2, Longo Lease, p. 6 ¶3; DEX 3, Spatz Lease, p. 5 ¶3; DEX 4, Nassar Lease, p. 5 ¶3.[13]

14. Paragraph 4 of the Supplementary Lease Agreement Provisions states:

> **Rules and Regulations.** Resident, Resident's guests and agents shall comply with and abide by all of the Landlord's existing rules and regulations, and such future reasonable rules and regulations as the Landlord may from time to time at its discretion adopt, governing use and occupancy of the Premises and any common areas and facilities used in connection with it (the 'Rules and Regulations'). A copy of the existing Rules and Regulations is attached hereto and the Resident acknowledges that Resident has read them. The Rules and Regulations shall be deemed to be a part of this Lease and a violation of any of them shall constitute a breach of this Lease giving the Landlord all the rights and remedies herein provided. In the event of a conflict between the provisions of this Lease and the Rules and Regulations, the Rules and Regulations shall govern.

DEX 2, Longo Lease p. 6 ¶4; DEX 3, Spatz Lease p. 5 ¶4; DEX 4, Nassar Lease p. 5 ¶4.[14]

15. Paragraph 10 of the Rules and Regulations states:

**OCCUPANCY -** The maximum number of occupants living in a Unit shall be no more than one person per bedroom. . . .
The maximum number of people gathered in a Unit at any time shall not exceed four (4) in a studio or one bedroom Unit, six (6) in a two bedroom Unit, eight (8) in a three bedroom Unit, and ten (10) in a four bedroom Unit. Also the number of people gathered must not exceed six (6) for any Unit patio, and fifteen (15) for property breezeways.

---

[12] Formerly Statement of Material Fact [D.E. 87] ¶15.
[13] Formerly Statement of Material Fact [D.E. 87] ¶16.
[14] Formerly Statement of Material Fact [D.E. 87] ¶17.

DEX 2, Longo Lease p. 14 ¶10; DEX 3, Spatz Lease p. 13 ¶10; DEX 4, Nassar Lease p. 13 ¶10.[15]

16. Paragraph 38 of the Rules and Regulations provides:

> **Amenities**. Any Computer Lab, Fitness Center, Tanning Room and Grills made available by Landlord for use by the residents at the Property are for resident use only. Guests are not permitted to use these amenities. Guests may use any Sports Courts and the Pool with permission from the office and under direct supervision by Resident. No guests/visitor shall be authorized in recreational areas except when accompanied by Resident.

DEX 2, Longo Lease p. 17 ¶38; DEX 3, Spatz Lease p. 16 ¶38; DEX 4, Nassar Lease p. 16 ¶38.[16]

17. At the end of the Rules and Regulations, in all capital letters, it states "Resident also acknowledges that Landlord **expressly reserves the right to promulgate additional rules and regulations** applicable to the property and to amend or modify any rule or regulation contained herein as Landlord from time to time determines to be appropriate." DEX 2, Longo Lease p. 17; DEX 3, Spatz Lease p. 16; DEX 4, Nassar Lease p. 16.[17]

18. Plaintiffs admit that they decided to reside at The Verge and Northgate Lakes for the "campus experience," to attend classes on campus and

---

[15] Formerly Statement of Material Fact [D.E. 87] ¶18.
[16] Formerly Statement of Material Fact [D.E. 87] ¶19.
[17] Formerly Statement of Material Fact [D.E. 87] ¶20. Plaintiffs agreed to the corrected change in verbiage with the addition of the word "also" to accurately reflect the quoted language.

UCF football games. DEX 8, Justin Longo Depo., p. 19:18-20:2; DEX 11, Eaven Spatz Depo., p. 75:17-76:12 DEX 13, Nassar Depo., p. 81:24-82:5.[18]

19. Plaintiffs also suggest the actions of individual roommates created an additional safety hazard. DEX 1, Amd. Compl. ¶¶60, 102; DEX 11, Eaven Spatz Depo., p. 15:6-22, 27:20-29:5, 29:19-30:17, 39:18-40:12; DEX 12, Lois Spatz Depo., p. 62:3-20, 68:24-70:6, 73:2-24.[19]

20. Longo and Spatz Plaintiffs made payments to Northgate Lakes and The Verge, respectively, in March, before they had decided whether to vacate the premises. DEX 5, Longo Activity Log; DEX 6, Spatz Activity Log; DEX 8, Justin Longo Depo., p. 80:9-16; DEX 11, Eaven Spatz Depo., p. 99:14-20, 100:10-15.[20]

21. Lois Spatz alleges that on the singular occasion that she answered a debt collection phone call, she informed the debt collector that she had contacted an attorney but does not recall when this occurred. DEX 12, Lois Spatz Depo., p. 82:7-23.[21]

22. On March 25, 2020, the University of Central Florida emailed students about Orange County's "Stay At Home Order." DEX 15, UCF Alert March 25 2020, PLAINTIFFS000203-04. The Alert provides:

> **Orange County is mandating an emergency "stay at home" order that takes effect at 11 p.m. Thursday, March 26, for at least two weeks through 11 p.m. Thursday, April 9. This is an expansion of**

---

[18] Formerly Statement of Material Fact [D.E. 87] ¶22.
[19] Formerly Statement of Material Fact [D.E. 87] ¶26.
[20] Formerly Statement of Material Fact [D.E. 87] ¶29.
[21] Formerly Statement of Material Fact [D.E. 87] ¶30.

> **the previously announced curfew in Orange County and is a concerted effort to reduce further spread of COVID-19.**
>
> The order applies to all individuals within Orange County, with exceptions for essential workers and essential activities as outlined in the order. Frequently asked questions are addressed here: https://newsroom.ocfl.net/2020/03/stay-at-home-to-flatten-the-curve-orange-county-issues-stay-at-homeorder-effective-march-26-2020-faqs/.
>
> UCF has taken strategic actions to depopulate the campus over the past several weeks.
>
> By tonight, students who reside in UCF Housing should have returned to their permanent residences. **Those with extenuating circumstances remaining on campus and students in off-campus housing must abide by the order. Students currently off campus should not return to UCF until further notice.**

DEX 15, UCF Alert March 25 2020 (emphases added).[22]

## CERTIFICATE OF CONFERRAL

Pursuant to the Case Management and Scheduling Order [D.E. 66] and this Court's Order [D.E. 95], the undersigned counsel certifies that counsel for Defendant conferred via telephone with counsel for Plaintiffs on January 24th, 2022, as well as via email on January 24th, 2022, regarding the undisputed facts provided herein. The Parties agree that the statement facts provided herein are undisputed.

---

[22] Formerly Statement of Material Fact [D.E. 87] ¶31.

CASE NO.: 8.20-CV-02651

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 27th day of January, 2022, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

        COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CAMPUS ADVANTAGE, INC.*
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9222
Facsimile (561) 683-8977
E-mail: jonathan.vine@csklegal.com
E-mail: justin.levine@csklegal.com
E-mail: katherine.herald@csklegal.com

By: */s/Katherine E. Herald*
JONATHAN VINE
Florida Bar No.: 10966
JUSTIN B. LEVINE
Florida Bar No.: 106463
KATHERINE E. HERALD
Florida Bar No.: 1022362